JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SAEED SIRI,

                        Plaintiff,

        v.

MEENAL DATTA, *et al.*

                    Defendants.

Case No. 5:25-cv-01591-CV (AGRx)

**ORDER DISMISSING CASE FOR LACK OF PROSECUTION**

**[DOC. # 37]**

On October 3, 2025, Defendants Meenal Datta and University of Notre Dame ("Defendants") filed a Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c). Doc. # 36 ("Motion"). The Motion seeks the dismissal of Plaintiff's complaint on the basis that each of the causes of action alleged fail to state a claim upon which relief can be granted. *Id*. at 2. The Motion noticed a hearing for January 16, 2026. *Id*. This hearing date required Plaintiff Saeed Siri ("Plaintiff") to file his opposition to the Motion no later than December 26, 2025. *See* Local Rule 7-9. Plaintiff did not file any opposition to Defendants' Motion.

On January 13, 2026, the Court granted the Motion and granted Plaintiff leave to file a First Amended Complaint. Doc. # 37. The Court set January 23, 2026 as the deadline for Plaintiff to file a First Amended Complaint, and warned Plaintiff "that a failure to timely file a First Amended Complaint shall result in the dismissal of his

-1-

complaint without prejudice for failure to prosecute and/or failure to comply with a Court order." *Id.* at 3.

As of the date of this order, Plaintiff has not filed a First Amended Complaint.

A district court has authority to dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). Dismissal, however, is a severe penalty and should be imposed only after considering the relevant factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)); *see also Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019). The five-factor test is a balancing inquiry, not a checklist, and dismissal may be warranted even if not all factors favor it. *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998); *see also*, *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("We may affirm a dismissal where at least four factors support dismissal or where at least three factors strongly support dismissal.") (citation modified).

Here, four of the five factors support dismissal. The first two factors—the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket—favor dismissal. Plaintiff's failure to comply has halted progress in this matter, allowing him to control the pace of the docket rather than the Court. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

The third factor—prejudice to Defendant—also weighs in favor of dismissal. Unreasonable delay is presumed to cause prejudice. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994); *Henderson v. Duncan*, 779 F.2d 1421, 1425 (9th Cir. 1986). Plaintiff's inaction has delayed the case for several months unnecessarily.

The fourth factor—the availability of less drastic sanctions—likewise supports dismissal. Plaintiff was explicitly warned that failure to respond could result in dismissal,

-2-

and the Court has afforded Plaintiff with ample time to respond before issuing this order. *See* Doc. # 37. The Court finds that lesser sanctions would be ineffective given Plaintiff's failure to respond. *See Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976) ("There is no requirement that every single alternate remedy be examined by the court before the sanction of dismissal is appropriate.").

The fifth factor—the public policy favoring resolution on the merits—weighs against dismissal. *See Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits."). However, this factor is outweighed by Plaintiff's failure to move the case forward or comply with court orders. *See In re Eisen*, 31 F.3d at 1454.

Because four of the five factors support dismissal, the Court concludes that dismissal is warranted. *See Hernandez*, 138 F.3d at 399. Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. All pending matters are TERMINATED. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

DATED: 1/30/26

*Cynthia Valenzuela*

HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE